## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In proceedings under |
| | ) | Chapter 11 |
| NATURE'S SECOND CHANCE | ) | |
| HAULING, LLC, | ) | |
| | ) | |
| Debtor. | ) | Bk. No. 18-30328 |

## DEBTOR'S AMENDED PLAN OF LIQUIDATION
## PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Dated:  May 9, 2019

The Debtor in the above-captioned case hereby respectfully proposes the following Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code.

## ARTICLE I.
## DEFINED TERMS AND RULES OF INTERPRETATION

**A.    Defined Terms**

Unless the context otherwise requires, the following terms shall have the following meanings when used in capitalized form herein:

**1.**    "*Accrued Professional Compensation*" means, at any given moment, all accrued and/or unpaid fees and expenses (including, without limitation, fees or expenses allowed or awarded by a Final Order of the Bankruptcy Court) for legal, financial advisory, accounting, liquidation and other professional services and reimbursement of expenses of such professionals that are awardable and allowable under sections 328, 330(a), 331 or 363 of the Bankruptcy Code, or otherwise rendered prior to the Effective Date, including in connection with (a) applications filed pursuant to sections 330, 331 and 363 of the Bankruptcy Code; (b) motions seeking the enforcement of the provisions of the Plan or Confirmation Order, by all Professionals in the Chapter 11 Case that the Bankruptcy Court has not denied by a Final Order, to the extent that any such fees and expenses have not previously been paid regardless of whether a fee application has been filed for any such amount; and (c) applications for allowance of Administrative Expenses arising under sections 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(6) of the Bankruptcy Code. To the extent the Bankruptcy Court or any higher court denies by a Final Order any amount of a Professional's fees or expenses, then those amounts shall no longer be Accrued Professional Compensation.

2.    "*Administrative Claims*" means Claims that have been timely filed before the Administrative Claims Bar Date, pursuant to the deadline and procedure set forth in the Confirmation Order (except as otherwise provided by a separate order of the Bankruptcy Court), for costs and expenses of administration under sections 503(b), 507(b) or 1114(e)(2) of the Bankruptcy Code, including, without limitation: the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate. Any fees or charges assessed against the Estate of the Debtor under section 1930 of chapter 123 of title 28 of the United States Code are excluded from the definition of Administrative Expense Claim and shall be paid in accordance with Article V.N of the Plan. Notwithstanding anything to the contrary herein, the filing of an Administrative Claim shall not be required in order to receive payment for any tax liability described in sections 503(b)(1)(B) and (C) in accordance with section 503(b)(1)(D) of the Bankruptcy Code.

3.    "*Administrative Claims Bar Date*" means the first Business Day that is thirty (30) days after the Effective Date and is the deadline for a holder of an Administrative Claim to file a request with the Bankruptcy Court for payment of such Administrative Claim in the manner indicated in Article II herein.

4.    "*Allowed*" means, with respect to any Claim against the Debtor, except as otherwise provided herein: (a) a Claim that has been scheduled by the Debtor in its Schedules filed in the Chapter 11 Case as other than disputed, contingent or unliquidated and as to which the Debtor or other parties-in-interest have not filed an objection by the Claims Objection Bar Date; (b) a Claim filed in the Chapter 11 Case and that either is not Disputed or has been allowed by a Final Order; or (c) a Claim filed in the Chapter 11 Case that is allowed: (i) in any stipulation of amount and nature of Claim executed prior to the Effective Date and approved by the Bankruptcy Court; (ii) in any stipulation or written agreement with the Liquidating Trustee, of amount and nature of Claim executed on or after the Effective Date; or (iii) in or pursuant to any contract, instrument or other agreement entered into or assumed in connection herewith; (d) a Claim that is allowed pursuant to the terms of this Plan or (e) a Disputed Claim that the Debtor and/or Liquidating Trustee (as applicable) ultimately determine will not be objected to (such claim being deemed Allowed at the time such determination is made).

5.    "*Bankruptcy Code*" means Articles 101 *et seq.* of title 11 of the United States Code, and applicable portions of titles 18 and 28 of the United States Code.

6.    "*Bankruptcy Court*" means the United States Bankruptcy Court for the Southern District of Illinois.

7.    "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure, promulgated under 28 U.S.C. § 2075, the Local Rules of Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the Southern District of Illinois, the Local Rules of Civil Practice and Procedure of the U.S. District Court for the Southern District of Illinois, and general orders and chambers procedures of the Bankruptcy Court, each as applicable to the Chapter 11 Cases and as amended from time to time.

**8.** "*Bar Date*" means that August 21, 2018, which is the general bar date for filing proofs of Claim in the Chapter 11 Case, with only those exceptions permitted thereby.

**9.** "*Books and Records*" means, with respect to the Debtor, all books and records of such Debtor(s), including, without limitation, all documents and communications of any kind, whether physical or electronic.

**10.** "*Business Day*" means any day, other than a Saturday, Sunday or "legal holiday" (as that term is defined in Bankruptcy Rule 9006(a)).

**11.** "*Cash*" means cash and cash equivalents in certified or immediately available U.S. funds, including but not limited to bank deposits, checks and similar items.

**12.** "*Causes of Action*" means all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of setoff, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims (including, without limitation, all claims and any avoidance, preference, recovery, subordination or other actions against Creditors, insiders and/or any other entities under the Bankruptcy Code, and any and all state and common law claims) against any Person or Entity, based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Effective Date.

**13.** "*Chapter 11 Case*" means the chapter 11 case commenced when the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on the Petition Date.

**14.** "*Claim*" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or (c) any other claim, as such term is defined in section 101(5) of the Bankruptcy Code.

**15.** "*Claims Objection Bar Date*" means the bar date for objecting to proofs of Claim, which shall be one hundred twenty (120) days after the Effective Date; *provided*, *however*, that the Debtor and/or the Liquidating Trustee may seek additional extensions of this date from the Bankruptcy Court, with notice only to those parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. A party requesting to extend the Claims Objection Bar Date may specify which entities may benefit from such an extension.

**16.** "*Class*" means a category of holders of Claims or Equity Interests as set forth in Article III herein and pursuant to section 1122(a) of the Bankruptcy Code.

**17.** "*Confirmation Date*" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

**18.** "*Confirmation Order*" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**19.** *Creditor*" shall have the meaning in section 101(10) of the Bankruptcy Code.

**20.** "*Creditors' Committee*" means the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases by the U.S. Trustee.

**21.** "*D&O Insurance Policies*" means all primary and excess insurance policies of the Debtor that provide for, among other things, coverage for liability related to the actions or omissions of the Debtor's directors and officers.

**22.** "*Debtor*" means Nature's Second Chance Hauling, LLC, the Estate thereof.

**23.** "*Disbursing Agent*" means the person or entity empowered and authorized to make all Distributions pursuant to Article V.C herein.

**24.** "*Disclosure Statement*" means the *Disclosure Statement for the Debtor's Plan of Liquidation under Chapter 11 of the Bankruptcy Code*, dated January 4, 2019, prepared and distributed in accordance with the Bankruptcy Code, the Bankruptcy Rules and any other applicable law, and approved by the Bankruptcy Court, as amended, supplemented or modified from time to time.

**25.** "*Disputed*" means, with respect to any Claim: (a) listed on the Schedules as unliquidated, disputed or contingent, unless a proof of Claim has been filed in a liquidated, non-contingent amount; (b) as to which the Debtor, the Liquidating Trustee or any other party in interest, has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules; or (c) as otherwise disputed in accordance with applicable bankruptcy or insolvency law, which objection, request for estimation or dispute has not been withdrawn or determined by a Final Order.

**26.** "*Disputed Claims Reserve*" means the reserve funds created pursuant to Article VI.A. herein.

**27.** "*Distributions*" means the distributions of Cash to be made in accordance with the Plan.

**28.** "*Effective Date*" means the first Business Day after the Confirmation Date on which the conditions precedent specified in Article VIII of this Plan have been either satisfied or waived. Within five (5) Business days of the Effective Date, notice of the Effective Date shall be filed in the Bankruptcy Court.

**29.** "*Entity*" has the meaning set forth in section 101(15) of the Bankruptcy Code.

**30.** "*Equity Interest*" means any equity interest in a Debtor that existed immediately prior to the Petition Date.

**31.**    "*Estate*" means the Debtor's estate created pursuant to section 541 of the Bankruptcy Code upon the filing of the Chapter 11 Cases.

**32.**    "*Final Decree*" means the decree contemplated under Bankruptcy Rule 3022.

**33.**    "*Final Order*" means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction with respect to the subject matter, which has not been reversed, stayed, modified or amended, and as to which the time to file an appeal, motion for reconsideration or rehearing, or request for a stay has expired with no appeal, motion for reconsideration or rehearing, or request for a stay having been timely filed.

**34.**    "*General Unsecured Claims*" means Claims against any Debtor that are not Administrative Claims, Accrued Professional Compensation Claims, Secured Claims, Priority Tax Claims, Other Priority Claims, or Equity Interests.

**35.**    "*Impaired*" means "impaired" within the meaning of sections 1123(a)(4) and 1124 of the Bankruptcy Code, with respect to a Claim, Equity Interest, or Class of Claims or Equity Interests.

**36.**    "*Indemnified Persons*" means the Liquidating Trustee and its employees, officers, directors, agents, Representatives, and Professionals.

**37.**    "*Lien*" shall mean any lien, mortgage, charge, security interest, pledge or other encumbrance against or interest in property to secure payment or performance of a claim, debt or litigation.

**38.**    "*Liquidating Trust*" means the grantor trust to be created upon the Effective Date for the benefit of the Beneficiaries.

**39.**    "*Liquidating Trust Advisory Committee*" means the committee formed in accordance with Article IV.B herein and which shall direct the Liquidating Trustee to carry out its powers in accordance with the Plan and Confirmation Order.

**40.**    "*Liquidating Trust Agreement*" means the agreement, substantially in the form included in the Plan Supplement, governing the operations of the Liquidating Trust, as it may be subsequently modified from time to time.

**41.**    "*Liquidating Trust Assets*" means the assets held in the Liquidating Trust comprised of (i) all Causes of Action of the Debtor, including, without limitation, any and all Causes of Action for which the Creditors' Committee was granted standing and authority to prosecute, resolve, settle and compromise in the Chapter 11 Case, but excluding those expressly waived herein, and (ii) all other unencumbered assets of the Debtor's Estate remaining after all required payments have been made pursuant to the Plan, Confirmation Order and Liquidating Trust Agreement, as applicable, on the Effective Date.

**42.**    "*Liquidating Trust Distributable Cash*" means the Cash and any other assets of the Liquidating Trust reduced to Cash net of all expenses and costs of operating or effectuating the duties of the Liquidating Trust and establishing any reserves as the Liquidating Trustee may

determine is necessary in its sole discretion pursuant to the terms of this Plan and the Liquidating Trust Agreement.

**43.**    "*Liquidating Trustee*" means the individual or entity designated and retained as the trustee to the Liquidating Trust, as of the Effective Date or as soon as reasonably practicable thereafter, as the fiduciary responsible for administering the Liquidating Trust.

**44.**    "*Other Priority Claims*" means Claims accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than Priority Tax Claims.

**45.**    "*Person*" means an individual, partnership, corporation, limited liability company, cooperative, trust, estate, unincorporated organization, association, joint venture, government unit or agency or political subdivision thereof or any other form of legal entity or enterprise.

**46.**    "*Petition Date*" means March 19, 2018, the date on which the Debtor filed the Chapter 11 Case.

**47.**    "*Plan*" means this Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code including exhibits and supplements, either in its present form or as it may be altered, amended, modified or supplemented from time to time in accordance with the Bankruptcy Code or the Bankruptcy Rules.

**48.**    "*Plan Supplement*" means the supplement to the Plan containing certain documents and forms of documents specified in the Plan, which documents and forms shall be filed with the Bankruptcy Court no later than ten (10) days prior to the commencement of the hearing on confirmation of the Plan.

**49.**    "*Priority Tax Claims*" means Claims of governmental units of the kind specified in section 507(a)(8) of the Bankruptcy Code.

**50.**    "*Pro Rata*" shall mean the proportion that the amount of a Claim in a particular Class or Classes bears to the aggregate amount of all Claims (including Disputed Claims, but excluding disallowed Claims) in such Class or Classes, unless this Plan provides otherwise.

**51.**    "*Professionals*" means any Person employed in the Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328 or 1103 of the Bankruptcy Code, and to be compensated for services rendered prior to the Effective Date pursuant to sections 327, 328, 329, 330, 331 or 363 of the Bankruptcy Code.

**52.**    "*Record Date*" means the date that the Disclosure Statement is approved by the Bankruptcy Court.

**53.**    "*Released Parties*" means, collectively, the Debtor, the Debtor's Professionals, the members of the Creditors' Committee (solely in its capacity as members of the Creditors' Committee), and the Creditors' Committee's Professionals.

**54.**    "*Representatives*" means, with regard to an Entity (including the Debtor), any current or former officers, directors, employees, attorneys, Professionals, accountants,

investment bankers, financial advisors, consultants, agents and other representatives (including its respective officers, directors, employees, independent contractors, members and professionals.

**55.** "*Schedules*" mean the schedules of assets and liabilities, schedules of executory contracts and statements of financial affairs filed by the pursuant to section 521 of the Bankruptcy Code, as may be amended, modified or supplemented from time to time.

**56.** "*Secured Claims*" means Claim(s) against the Debtor that are secured by a Lien on property in which the Estate has an interest, which Liens are valid, perfected and enforceable under applicable law or by reason of a Final Order, or that are subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code.

**57.** "*Subordinated Claims*" means (a) any Claim of any Person or Entity that is liable with the respective Debtor on or has secured the Claim of another creditor to the extent that such co-obligor's Claim is for indemnity, contribution, or reimbursement and is not Allowed on or before the Confirmation Date, (b) any Claim for penalties or punitive damages and any other Claim of the type described in section 726(a)(4) of the Bankruptcy Code (and notwithstanding the general inapplicability of Chapter 7 of the Bankruptcy Code), including any lien securing such Claim, or (c) any Claim subordinated under section 510 of the Bankruptcy Code and any lien securing such Claim.

**58.** "*Tax Code*" means the United States Internal Revenue Code of 1986, as amended.

**59.** "*Tax Returns*" means all tax returns, reports, certificates, forms or similar statements or documents, including amended tax returns or requests for refunds.

**60.** "*U.S. Trustee*" means the United States Trustee appointed under Article 591 of title 28 of the United States Code to serve in the Southern District of Illinois.

**61.** "*Unimpaired*" means not "impaired" within the meaning of sections 1123(a)(4) and 1124 of the Bankruptcy Code, with respect to a Claim, Equity Interest, or Class of Claims or Equity Interests.

## B.    Rules of Interpretation

**1.** For purposes herein: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neutral gender shall include the masculine, feminine and the neutral gender; (b) any reference herein to a contract, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been filed or to be filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented; (d) unless otherwise specified, all references herein to "Articles" are references to Articles hereof or hereto; (e) the words "herein," "hereof" and "hereto" refer to the Plan in its

entirely rather than to a particular portion of the Plan; (f) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; and (h) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

**2.** The provisions of Federal Rule of Bankruptcy Procedure 9006(a) shall apply in computing any period of time prescribed or allowed hereby.

**3.** All references herein to monetary figures shall refer to currency of the United States of America, unless otherwise expressly provided.

## A.   Exhibits

All exhibits and schedules, if any, to the Plan are incorporated into and are part of the Plan as if set forth herein. All exhibits and schedules to the Plan, shall be filed with the Clerk of the Bankruptcy Court not later than seven (7) days prior to the deadline set by the Bankruptcy Court to vote to accept or reject the Plan. Holders of Claims or Equity Interests may also obtain a copy of such exhibits, once filed, from the Debtor.

## ARTICLE II.

## ADMINISTRATIVE AND PRIORITY CLAIMS

### A.   Establishment of the Administrative Claims Bar Date

**1.** Except as otherwise provided herein, on or before 5:00 p.m., prevailing Central time, on the Administrative Claims Bar Date, each holder of an Administrative Claim shall file with the Bankruptcy Court and serve on counsel for (i) the Debtor, (ii) the Creditors' Committee, and (iii) the Liquidating Trustee, any request for payment of an Administrative Claim. Requests for payment of an Administrative Claim must include at a minimum: (i) the name of the holder of the Administrative Claim; (ii) the amount of the Administrative Claim; (iii) the basis of the Administrative Claim; and (iv) all supporting documentation for the Administrative Claim.

**2.** The request for payment of an Administrative Claim will be timely filed only if it is filed with the Bankruptcy Court by 5:00 p.m., prevailing Central time, on the Administrative Claims Bar Date. Requests for payment of Administrative Claims may **not** be delivered by facsimiles, telecopy, or electronic mail transmission.

**3.** Notwithstanding anything herein, the Debtor's Professionals and the Creditors' Committee's Professionals shall not be required to file a request for payment of any Administrative Claim on or before the Administrative Claims Bar Date for fees and expenses arising under sections 330, 331 or 503(b)(2-5) of the Bankruptcy Code, as such Professionals will instead file final fee applications as required by the Bankruptcy Code, Bankruptcy Rules and the Confirmation Order.

A. **Administrative Claims**

The Liquidating Trustee shall pay, from the Debtor's assets, each holder of an Allowed Administrative Claim, in satisfaction of such Allowed Administrative Claim, the full unpaid amount of such Allowed Administrative Claim in Cash: (1) on the Effective Date or as soon as practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due or as soon as practicable thereafter); (2) if such Claim is Allowed after the Effective Date, on the date such Claim is Allowed or as soon as practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due or as soon as practicable thereafter); (3) at such time and upon such terms as may be agreed upon by such holder and the Liquidating Trustee; or (4) at such time and upon such terms as set forth in an order of the Bankruptcy Court; provided, however, that Administrative Claims do not include Administrative Claims filed after the Administrative Claims Bar Date or Administrative Claims filed or asserted pursuant to section 503(b)(9) of the Bankruptcy Code after the General Bar Date, unless the Liquidating Trustee, in its discretion, chooses to treat such Claims as Administrative Claims. The holders of Allowed Secured Claims shall provide funds as are necessary to make payment on account of Allowed Administrative Claims and shall receive repayment for such funds as provided in supplements to the Plan.

C. **Professional Compensation and Reimbursement Claims**

The deadline for submission by Professionals for Bankruptcy Court approval of Accrued Professional Compensation shall be sixty (60) days after the Effective Date. Any Professional or other Person or Entity that is required to file and serve a request for approval of Accrued Professional Compensation and fails to timely file and serve such request on or before such date shall be forever barred, estopped and enjoined from asserting such request or participating in Distributions under the Plan on account thereof. All Professionals employed by the Debtor or the Creditors' Committee, shall provide to the Debtor an estimate of its Accrued Professional Compensation through the Effective Date (including an estimate for fees and expenses expected to be incurred after the Effective Date to prepare and prosecute allowance of final fee applications) before the Effective Date.

D. **Priority Tax Claims**

The Liquidating Trustee shall pay, from the Debtor's assets, each holder of an Allowed Priority Tax Claim, in satisfaction of such Allowed Priority Tax Claim, the full unpaid amount of such Allowed Priority Tax Claim in Cash, on the later of (i) the Effective Date, (ii) the date such Allowed Priority Tax Claim becomes Allowed or as soon as practicable thereafter and (iii) the date such Allowed Priority Tax Claim is payable under applicable non-bankruptcy law; provided, however that the Liquidating Trustee shall not pay any premium, interest or penalty in connection with such Allowed Priority Tax Claim.

E. **Other Priority Claims**

The Liquidating Trustee shall pay, from the Debtor's assets, each holder of an Allowed Other Priority Claim, in satisfaction of such Allowed Other Priority Claim, the full unpaid amount of such Allowed Other Priority Claim in Cash, on the later of (i) the Effective Date or as soon as practicable thereafter, (ii) the date such Allowed Other Priority Claim becomes Allowed or as soon

as practicable thereafter and (iii) the date such Allowed Other Priority Claim is payable under applicable non-bankruptcy law.

## ARTICLE III.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A.    Summary

1.    The Plan constitutes a separate chapter 11 plan of liquidation for the Debtor. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtor has not classified Administrative Claims, Priority Tax Claims and Other Priority Claims, as described in Article II.

2.    The following table classifies Claims against and Equity Interests in the Debtor for all purposes, including voting, confirmation and Distribution pursuant hereto and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class. A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid or otherwise settled prior to the Effective Date. Each Class set forth below is treated hereunder as a distinct Class for voting and Distribution purposes.

3.    Summary of Classification and Treatment of Classified Claims and Equity Interests.

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Secured Claims | Impaired | Entitled to Vote |
| 2 | General Unsecured Claims | Impaired | Entitled to Vote |
| 3 | Subordinated Claims | Impaired and No Distribution | Deemed to Reject |
| 4 | Equity Interests | Impaired and No Distribution | Deemed to Reject |

### B.    Classification and Treatment of Claims and Equity Interests

1.      **Secured Claims (Class 1)**

    (a)    **Classification**: Class 1 consists of Secured Claims.

    (b)    **Treatment**: Except to the extent that a holder of an Allowed Secured Claim has been paid by the Debtor prior to the Effective Date or agrees to a less favorable classification and treatment, each holder of an Allowed Secured Claim shall receive, at the sole option of the Liquidating Trustee, Cash up to the full amount of such Allowed Secured Claim or the collateral securing its Allowed Secured Claim, on or as soon as practicable after the latest to occur of (i) the Effective Date; (ii) the first Business Day after the date that is ten (10) Business Days after the date such Claim becomes an Allowed Other Secured Claim; and (iii) the date or dates agreed to by the Liquidating Trustee and the holder of the Allowed Secured Claim.  To the extent an Allowed Secured Claim is not satisfied in full pursuant to subparagraph (a), it shall be treated as an Allowed Claim in Class 2.

    (c)    **Voting**: Class 1 is Impaired and, therefore, holders of Secured Claims in Class 1 are entitled to vote to accept or reject the Plan.

2.    **General Unsecured Claims (Class 2)**

    (a)    **Classification:** Class 2 consists of General Unsecured Claims.

    (b)    **Treatment**: Except to the extent that a holder of an Allowed General Unsecured Claim has been paid by the Debtor prior to the Effective Date or agrees to a less favorable classification and treatment, each holder of an Allowed General Unsecured Claim shall receive its Pro Rata share of remaining Cash. Distributions to holders of Allowed General Unsecured Claims shall be made as soon as practicable as the Liquidating Trustee may determine in its sole discretion.

    (c)    **Voting**: Class 2 is Impaired and, therefore, holders of General Unsecured Claims in Class 2 are entitled to vote to accept or reject the Plan.

3.    **Subordinated Claims (Class 3)**

    (a)    **Classification**: Class 3 consists of Subordinated Claims.

    (b)    **Treatment**: Class 3 is Impaired and will receive no Distribution under the Plan.

    (c)    **Voting**: Class 3 will receive no Distribution under the Plan and therefore, holders of Subordinated Claims in Class 3 are deemed to have rejected the Plan and are not entitled to vote on the Plan.

4.    **Equity Interests (Class 4)**

    (a)    **Classification**: Class 4 consists of Equity Interests.

    (b)    **Treatment**: Class 4 is Impaired and will receive no Distribution under the Plan. All equity interest in the Debtor shall be deemed cancelled upon the Effective Date.

(c)    **Voting**: Class 4 will receive no Distribution under the Plan and therefore, holders of Equity Interests in Class 4 are deemed to have rejected the Plan and are not entitled to vote on the Plan.

## Special Provision Governing Unimpaired Claims

Except as otherwise provided in the Plan, nothing under the Plan shall affect the Debtor's rights with respect to any Unimpaired Claim, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claim.

## C.    Nonconsensual Confirmation

If any Impaired Class of Claims entitled to vote does not accept the Plan by the requisite statutory majority provided in section 1126 of the Bankruptcy Code, the Debtor reserves the right to amend the Plan or to undertake to have the Bankruptcy Court confirm the Plan under section 1129(b) of the Bankruptcy Code, or both. With respect to Impaired Classes that are deemed to reject the Plan, the Debtor intends to request that the Bankruptcy Court confirm the Plan pursuant to section 1129(b) of the Bankruptcy Code notwithstanding the deemed rejection of the Plan by such Class of Claims.

## ARTICLE IV.

## MEANS FOR IMPLEMENTATION OF THE PLAN

## A.    Establishment of Liquidating Trust

On the Effective Date, the Liquidating Trustee shall sign the Liquidating Trust Agreement and, in his capacity as Liquidating Trustee, accept all Liquidating Trust Assets on behalf of the beneficiaries thereof, and be authorized to obtain, seek the turnover, liquidate, and collect all of the Liquidating Trust Assets not in his possession. The Liquidating Trust will then be deemed created and effective without any further action by the Bankruptcy Court or any Person as of the Effective Date. The Liquidating Trust shall be established for the purposes of (i) liquidating any non-Cash Liquidating Trust Assets; (ii) prosecuting and resolving the Causes of Action; (iii) maximizing recovery of the Liquidating Trust Assets for the benefit of the beneficiaries thereof; and (iv) distributing the proceeds of the Liquidating Trust Assets to the beneficiaries in accordance with this Plan and the Liquidating Trust Agreement, with no objective to continue or engage in the conduct of a trade or business, except only in the event and to the extent necessary for, and consistent with, the liquidating purpose of the Liquidating Trust.

## B.    Liquidating Trust Advisory Committee

On the Effective Date, each of the members of the Creditors' Committee shall immediately, and without further need for further documentation or Bankruptcy Court approval, be deemed to act as the Liquidating Trust Advisory Committee. From and after the Effective Date, the Liquidating Trust Advisory Committee may retain such professionals as it deems appropriate without further need for documentation or Bankruptcy Court approval. All fees and expenses

incurred by the Liquidating Trust Advisory Committee and its professionals following the Effective Date shall be paid from the Liquidating Trust Assets. The Liquidating Trust Advisory Committee may authorize its own dissolution by filing with the Bankruptcy Court an appropriate notice that its responsibilities hereunder have concluded. Unless earlier dissolved, the Liquidating Trust Advisory Committee shall be dissolved as of the date the Chapter 11 Cases are closed.

### C.   Appointment of the Liquidating Trustee

The Liquidating Trustee shall be appointed by the Creditors' Committee, in consultation with the Debtor, and appointed pursuant to the Confirmation Order. Following appointment, the Liquidating Trustee shall act only at the direction of the Liquidating Trust Advisory Committee and in accordance with the Plan, and in such capacity shall have the same powers as the board of directors and officers of the Debtor, subject to the direction of the Liquidating Trust Advisory Committee and the provisions hereof (and all bylaws, articles of incorporation and related corporate documents are deemed amended by this Plan to permit and authorize the same). The Liquidating Trustee may be removed at any time by the Liquidating Trust Advisory Committee, with or without cause, upon at least ten (10) days' prior written notice to the United States Trustee and the Liquidating Trustee. In the event of resignation or removal, death or incapacity of the Liquidating Trustee, the Liquidating Trust Advisory Committee shall designate another Person or Entity to serve as Liquidating Trustee and thereupon the successor Liquidating Trustee, without any further act or need for an order of the Bankruptcy Court, shall become fully vested with all of the rights, powers, duties and obligations of the predecessor; provided, however, that the Liquidating Trustee shall be deemed removed on the date the Chapter 11 Cases are closed, and no successor thereto shall be designated. The Liquidating Trustee shall be entitled to compensation payable from the Liquidating Trust Assets as set forth in the Liquidating Trust Agreement.

### D.   Beneficiaries of Liquidating Trust

The holders of Administrative and General Unsecured Claims against the Debtor entitled to Distributions shall be the beneficiaries of the Liquidating Trust. Such beneficiaries shall be bound by the Liquidating Trust Agreement. The interests of the beneficiaries in the Liquidating Trust shall be uncertificated and nontransferable except upon death of the interest holder or by operation of law.

### E.   Vesting and Transfer of Liquidating Trust Assets to the Liquidating Trust

Pursuant to Bankruptcy Code section 1141(b), the Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Liens, Claims and Interests, except as otherwise specifically provided in this Plan or in the Confirmation Order; provided, however, that the Liquidating Trustee may abandon or otherwise not accept any non-Cash Liquidating Trust Assets that the Liquidating Trustee believes, in good faith, have no value to the Liquidating Trust. Any non-Cash Liquidating Trust Assets that the Liquidating Trustee so abandons or otherwise does not accept shall not be property of the Liquidating Trust. The Liquidating Trust Assets primarily consist of claims against third parties. These claims include, but are not limited to, (a) preference, fraudulent transfer and other avoidance claims pursuant to chapter 5 of the Bankruptcy Code and

state law counterparts and (b) state and common law claims against all other persons. These claims will be preserved and transferred to the Liquidating Trust.

### F.    Liquidating Trust Expenses

Subject to the provisions of the Liquidating Trust Agreement, all costs, expenses and obligations incurred by the Liquidating Trustee in administering this Plan, the Liquidating Trust, or in any manner connected, incidental or related thereto, in effecting distributions from, as applicable, the Liquidating Trust shall be a charge against the Liquidating Trust Assets remaining from time to time in the hands of the Liquidating Trustee. Such expenses shall be paid in accordance with the Liquidating Trust Agreement.

### G.    Role of the Liquidating Trustee

1.    The Liquidating Trustee shall be the exclusive trustee of the Liquidating Trust and the Liquidating Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3). The powers, rights, and responsibilities of the Liquidating Trustee shall be specified in the Liquidating Trust Agreement and shall include the authority and responsibility to: (a) receive, manage, invest, supervise, and protect the Liquidating Trust Assets; (b) pay taxes or other obligations incurred by the Liquidating Trust; (c) retain and compensate, without further order of the Bankruptcy Court, the services of employees, professionals and consultants to advise and assist in the administration, prosecution and distribution of Liquidating Trust Assets; (d) calculate and implement Distributions of Liquidating Trust Assets; (e) investigate, prosecute, compromise, and settle, in accordance with the specific terms of the Liquidating Trust Agreement, Causes of Action vested in the Liquidating Trust; (f) resolve issues involving Claims and Interests in accordance with this Plan; (g) undertake all administrative functions of the Plan Debtor's Chapter 11 Cases, including the payment of fees payable to the United States Trustee and the ultimate closing of the Debtor's Chapter 11 Cases. The Liquidating Trust is the successor to the Debtor and its Estate.

2.    On the Effective Date, the Liquidating Trust shall: (a) take possession of all books, records, and files of the Debtor and its Estate; and (b) provide for the retention and storage of such books, records, and files until such time as the Liquidating Trust determines, in accordance with the Liquidating Trust Agreement, that retention of same is no longer necessary or required.

3.    The Liquidating Trust may invest Cash (including any earnings thereon or proceeds therefrom) as permitted by Bankruptcy Code section 345 or in other prudent investments, provided, however, that such investments are permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings, or other controlling authorities.

4.    The Liquidating Trust shall have the right to object to Claims not otherwise Allowed in connection with post-Effective Date Claims allowance process.

5.    In no event later than thirty (30) Business Days after the end of the first full month following the Effective Date and on a quarterly basis thereafter until all Cash in the Liquidating Trust has been distributed in accordance with this Plan, the Liquidating Trustee shall file with

the Bankruptcy Court a report setting forth the amounts, recipients and dates of all Distributions made by the Liquidating Trustee under this Plan through each applicable reporting period.

6.      The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Plan. The Liquidating Trust also shall annually (for tax years in which Distributions from the Liquidating Trust are made) send to each beneficiary a separate statement setting forth the beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on its federal income tax returns; provided, however, that no such statement need be sent to any Class that is not expected to receive any Distribution from the Liquidating Trust. The Liquidating Trust's taxable income, gain, loss, deduction or credit will be allocated to the Liquidating Trust's beneficiaries in accordance with its relative beneficial interests in the Liquidating Trust. As soon as possible after the Effective Date, the Liquidating Trust shall make a good faith valuation of assets of the Liquidating Trust, and such valuation shall be used consistently by all parties for all federal income tax purposes. The Liquidating Trust also shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Liquidating Trust that are required by any Governmental Unit for taxing purposes. The Liquidating Trust may request an expedited determination of taxes of the Debtor or of the Liquidating Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Debtor and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust. The Liquidating Trust shall be responsible for filing all federal, state, and local tax returns for the Debtor and the Liquidating Trust. The Liquidating Trust shall comply with all withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions made by the Liquidating Trust shall be subject to any such withholding and reporting requirements.

7.      The Liquidating Trust shall be responsible for payments of all Allowed tax obligations of the Debtor, and any taxes imposed on the Liquidating Trust or the Liquidating Trust Assets.

## H.    Preservation of Right to Conduct Investigations

The preservation for the Liquidating Trust of any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 is necessary and relevant to the liquidation and administration of the Liquidating Trust Assets. Accordingly, any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 held by the Debtor or the Creditors' Committee prior to the Effective Date shall vest with the Liquidating Trust and shall continue until dissolution of the Liquidating Trust.

## I.    Prosecution and Resolution of Causes of Action

1.      From and after the Effective Date, prosecution and settlement of all Causes of Action transferred to the Liquidating Trust shall be the sole responsibility of the Liquidating Trust pursuant to this Plan and the Confirmation Order. From and after the Effective Date, the Liquidating Trust shall have exclusive rights, powers, and interests of the Debtor's Estate to pursue, settle or abandon such Causes of Action as the sole representative of the Debtor's Estate pursuant to Bankruptcy Code section 1123(b)(3). Proceeds recovered from all Causes of Action will be deposited into the Liquidating Trust and will be distributed by the Liquidating Trustee to

the beneficiaries in accordance with the provisions of the Plan and Liquidating Trust Agreement. All Causes of Action that are not expressly released or waived under this Plan are reserved and preserved and vest in the Liquidating Trust in accordance with this Plan. No Person may rely on the absence of a specific reference in this Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtor or Liquidating Trustee will not pursue any and all available Causes of Action against such Person. The Liquidating Trustee expressly reserves all Causes of Action, except for any Causes of Action against any Person that are expressly released or waived under this Plan, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of confirmation or consummation of this Plan. No claims or Causes of Action against the Released Parties shall be transferred to the Liquidating Trust, the Liquidating Trustee shall not have standing to pursue such claims or Causes of Action, and all such claims and Causes of Action shall be waived, released and discharged pursuant to the Plan.

       **2.**      Settlement by the Liquidating Trust of any Cause of Action transferred to the Liquidating Trust shall require: (i) approval only of the Liquidating Trustee if the amount claimed by the Liquidating Trust against a defendant is less than one million dollars ($1,000,000); and (ii) approval of the Liquidating Trustee and the Bankruptcy Court, upon notice and a hearing, if the amount claimed by the Liquidating Trust against a defendant is unliquidated or equals to or exceeds one million dollars ($1,000,000).

**J.**      **Federal Income Tax Treatment of the Liquidating Trust for the Liquidating Trust Assets**

       For federal income tax purposes, it is intended that the Liquidating Trust be classified as a liquidating trust under section 301.7701-4 of the Treasury regulations and that such trust be owned by its beneficiaries. Accordingly, for federal income tax purposes, it is intended that the beneficiaries be treated as if they had received a distribution from the Debtor's Estate of an undivided interest in each of the Liquidating Trust Assets (to the extent of the value of its respective share in the applicable assets) and then contributed such interests to the Liquidating Trust, and the Liquidating Trust's beneficiaries will be treated as the grantors and owners thereof.

**K.**      **Limitation of Liability**

       No recourse will ever be had, directly or indirectly, against the Liquidating Trustee, its members, officers, directors, employees, professionals, representatives, agents, successors or assigns, by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Liquidating Trust under this Plan or by reason of the creation of any indebtedness by the Liquidating Trust or the Liquidating Trustee under this Plan. All such liabilities under this Plan will be enforceable only against, and will be satisfied only out of, the Liquidating Trust Assets. The Liquidating Trustee and its agents shall not be deemed to be the agent for any holder of a Claim in connection with Distributions made under this Plan. The Liquidating Trust and the Liquidating Trustee and its respective officers, directors,

employees, professionals, representatives, agents, successors or assigns will not be liable for any act they may do, or omit to do hereunder in good faith and in the exercise of its sound judgment; provided, however, that this section will not apply to any gross negligence or willful misconduct by the Liquidating Trust and the Liquidating Trustee or its respective officers, directors, employees, professionals, representatives, agents, successors or assigns.

## L.    Term of Liquidating Trust

The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as (i) all Disputed Claims have been resolved, (ii) all of the Liquidating Trust Assets have been liquidated, (iii) all duties and obligations of the Liquidating Trustee under the Liquidating Trust Agreement have been fulfilled, (iv) all Distributions required to be made by the Liquidating Trust under this Plan and the Liquidating Trust Agreement have been made, and (v) the Debtor's Chapter 11 Cases have been closed; provided, however, that in no event shall the Liquidating Trust be dissolved later than three (3) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the third anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that a fixed period extension not to exceed one (1) year is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.

## M.    Retention of Professionals by Liquidating Trust

The Liquidating Trustee may retain and compensate attorneys and other professionals to assist in its duties on such terms (including on a contingency or hourly basis) as it deems reasonable and appropriate without Bankruptcy Court approval.

## N.    Conflicts Between the Liquidating Trust Agreement and the Plan

In the event of any inconsistencies or conflict between the Liquidating Trust Agreement and this Plan, the terms and provisions of this Plan shall control.

## O.    Excess Funds

Subject to Article V.M, in the event there is Liquidating Trust Distributable Cash remaining after all required Distributions under the Plan and the Liquidating Trust Agreement have been made, such Cash will be distributed first to holders of Allowed Claims in Class 3 and, second to the holders of Allowed Interests in Class 4.

## P.    Cancellation of Existing Securities and Agreements

Except for purposes of evidencing a right to Distributions under the Plan or as otherwise provided hereunder, on the Effective Date, all agreements and other documents evidencing Claims or rights of any holder of a Claim or Equity Interest against the Debtor, including, but not limited to, all indentures, notes, bonds and share certificates evidencing such Claims and Equity Interests and any agreements or guarantees related thereto shall be cancelled, terminated, deemed null and void and satisfied, as against the Debtor but not as against any other Person.

**Q.    Operations of the Debtor Between the Confirmation Date and the Effective Date**

The Debtor shall continue to operate as Debtor in Possession during the period from the Confirmation Date through and until the Effective Date, and as a liquidating estate on and after the Effective Date. The retention and employment of the Professionals retained by the Debtor shall terminate as of the Effective Date, provided, however, that the Debtor shall be deemed to exist, and its Professionals shall be retained, after such date only with respect to (a) applications filed pursuant to sections 330 and 331 of the Bankruptcy Code, and to the extent necessary (b) motions seeking the enforcement of the provisions of the Plan or the Confirmation Order.

**R.    Automatic Stay**

The automatic stay provided for under section 362 of the Bankruptcy Code shall remain in effect in the Chapter 11 Cases until the Effective Date.

**S.    Committee**

Upon the Effective Date, the Creditors' Committee shall dissolve, and its members shall be released and discharged from all further authority, duties, responsibilities and obligations relating to and arising from the Chapter 11 Cases. The retention and employment of the Professionals retained by the Creditors' Committee shall terminate as of the Effective Date, provided, however, that the Creditors' Committee shall exist, and its Professionals shall be retained, after such date with respect to applications filed pursuant to sections 330 and 331 of the Bankruptcy Code and motions seeking the enforcement of the provisions of the Plan or the Confirmation Order.

**T.    Books and Records**

As part of the appointment of the Liquidating Trustee, to the extent not already transferred on the Effective Date, the Debtor shall transfer dominion and control over all of its books and records to the Liquidating Trustee in whatever form, manner or media those books and records existed immediately prior to the transfer thereof to the Liquidating Trustee. The Liquidating Trustee may abandon all such books and records on or after ninety (90) days from the Effective Date, provided, however, that the Liquidating Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Debtor or its current or former officers or directors are a party or that pertain to General Unsecured Claims without further order of the Bankruptcy Court. Pursuant to section 554 of the Bankruptcy Code, this Article IV.O shall constitute a motion and notice, so that no further notice or Bankruptcy Court filings are required to effectuate the aforementioned abandonment of the books and records of the Debtor.

**U.    D&O Insurance Policies**

No prepaid D&O Insurance Policy shall be cancelled, and the Debtor's directors, officers and employees who have valid claims against the D&O Insurance Policies for indemnification, defense, reimbursement, or limitation of liability may be paid from the D&O Insurance Policies to the extent of the coverage provided by the D&O Insurance Policies. As such, and notwithstanding anything in the Plan to the contrary, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy

Code, the D&O Insurance Policies, to the extent the contract providing for such is determined to be an executory contract, shall be deemed assumed by the Debtor. .

## ARTICLE V.

## PROVISIONS GOVERNING VOTING AND DISTRIBUTIONS

### A.    Voting of Claims

Each holder of an Allowed Claim in an Impaired Class of Claims that is entitled to vote on the Plan pursuant to Article II and Article III of the Plan shall be entitled to vote separately to accept or reject the Plan, as provided in such order as is entered by the Bankruptcy Court establishing procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, or any other order or orders of the Bankruptcy Court. For purposes of calculating the number of Allowed Claims in a Class of Claims that have voted to accept or reject the Plan under Section 1126(c) of the Bankruptcy Code, all Allowed Claims in such Class held by one Entity or any Affiliate thereof shall be aggregated and treated as one Allowed Claim in such Class. For purposes of any Claim in any Impaired Class that is disputed as to its amount only, the holder of such claim shall be entitled to vote on the Plan as if such holder held an Allowed Claim in an amount equal to the undisputed portion of such Claim.

### B.    Distribution Dates

Distributions to holders of Claims shall be made as provided in Articles II and III of the Plan. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### C.    Disbursing Agent

All Distributions under the Plan by the Liquidating Trustee shall be made by the Liquidating Trustee as Disbursing Agent or such other entity designated by the Liquidating Trustee as Disbursing Agent.

The Disbursing Agent shall be empowered to (a) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, (b) make all Distributions contemplated by the Plan, (c) employ professionals to represent them with respect to its responsibilities, and (d) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions of the Plan.

The Disbursing Agent shall only be required to act and make Distributions in accordance with the terms of the Plan and shall have no (x) liability for actions taken in accordance with the Plan or in reliance upon information provided to them in accordance with the Plan or (y)

obligation or liability for Distributions under the Plan to any party who does not hold an Allowed Claim at the time of Distribution or who does not otherwise comply with the terms of the Plan.

Except as otherwise ordered by the Bankruptcy Court, any reasonable fees and expenses incurred by the Liquidating Trustee acting as the Disbursing Agent (including, without limitation, reasonable attorneys' fees and expenses) on or after the Effective Date shall be paid in Cash from the Debtor's assets in the ordinary course of business.

**D.      Record Date for Distributions**

Except as otherwise provided in a Final Order of the Bankruptcy Court, the transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 on or prior to the Record Date will be treated as the holders of those Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to the transfer may not have expired by the Record Date. The Liquidating Trustee shall have no obligation to recognize any transfer of any Claim occurring after the Record Date. In making any Distribution with respect to any Claim, the Liquidating Trustee shall be entitled instead to recognize and deal with, for all purposes hereunder, only the Entity that is listed on the proof of Claim filed with respect thereto or on the holder thereof as of the close of business on the Record Date and upon such other evidence or record of transfer or assignment that was known to the Debtor as of the Record Date and is available to the Liquidating Trustee.

**E.      Delivery of Distributions**

Subject to Bankruptcy Rule 9010 and except as otherwise provided herein, Distributions to the holders of Allowed Claims shall be made by the Disbursing Agent at (a) the address of each holder as set forth in the Schedules, unless superseded by the address set forth on proofs of Claim filed by such holder or (b) the last known address of such holder if no proof of Claim is filed or if the Liquidating Trustee have not been notified in writing of a change of address.

**F.      Undeliverable and Unclaimed Distributions**

In the event that any Distribution to any holder of an Allowed Claim made by the Liquidating Trustee is returned as undeliverable, the Disbursing Agent shall use commercially reasonable efforts to determine the current address of each holder, but no Distribution to such holder shall be made unless and until the Disbursing Agent has determined the then current address of such holder; provided, however, that all Distributions to holders of Allowed Claims made by the Liquidating Trustee that are unclaimed for a period of ninety (90) days after the date of the first attempted Distribution shall have its, his or her Claim for such undeliverable Distribution deemed satisfied and will be forever barred from asserting any such Claim against the Debtor or its property. Any Distributions which are undeliverable or have not been negotiated within the time period set forth above shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and revested in the Debtor's Estate. The Liquidating Trustee shall have no further obligation to make any Distribution to the holder of such Claim on account of such Claim, and any entitlement of any holder of such Claim to any such Distributions shall be extinguished and forever barred; provided, however, that the holder of

such Claim may receive future Distributions on account of such Claim by contacting the Liquidating Trustee at some point prior to the final Distribution.

## G.    Manner of Cash Payments Under the Plan

Except as otherwise provided herein, Cash payments made pursuant to the Plan shall be in United States dollars by checks drawn on a domestic bank or by wire transfer from a domestic bank, at the option of the Liquidating Trustee.

## H.    Compliance with Tax Requirements

The Disbursing Agent may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the Tax Code or any provision of any foreign, state or local tax law with respect to any payment or Distribution on account of Claims. All such amounts withheld and paid to the appropriate taxing authority shall be treated as amounts distributed to such holders of the Claims. The Disbursing Agent shall be authorized to collect such tax information from the holders of Claims (including social security numbers or other tax identification numbers) as it in its sole discretion deems necessary to effectuate the Plan. In order to receive Distributions under the Plan, all holders of Claims will need to identify themselves to the Disbursing Agent and provide all tax information the Disbursing Agent deems appropriate (including completing the appropriate Form W-8 or Form W-9, as applicable to each holder). The Disbursing Agent may refuse to make a Distribution to any holder of a Claim that fails to furnish such information within the time period specified by the Disbursing Agent and such Distribution shall be deemed an unclaimed Distribution under the Plan, and, provided further that, if the Disbursing Agent fails to withhold in respect of amounts received or distributable with respect to any such holder and such Disbursing Agent is later held liable for the amount of such withholding, such holder shall reimburse the Disbursing Agent for such liability. Notwithstanding any other provision of the Plan, (a) each holder of an Allowed Claim that is to receive a Distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, and (b) no Distributions shall be required to be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements satisfactory to the Disbursing Agent for the payment and satisfaction of such tax obligations or has, to the Disbursing Agent's satisfaction, established an exemption therefrom.

## I.    No Payments of Fractional Dollars

Notwithstanding any other provision of the Plan to the contrary, no payment of fractional dollars shall be made pursuant to the Plan. Whenever any payment of a fraction of a dollar under the Plan would otherwise be required, the actual Distribution made shall reflect a rounding down of such fraction to the nearest whole dollar.

## J.    Interest on Claims

Except as specifically provided for in this Plan or the Confirmation Order or required by the Bankruptcy Code, interest shall not accrue on Claims and no holder of a Claim shall be entitled to interest on any Claim accruing on or after the Petition Date. Interest shall not accrue on any General Unsecured Claim that is a Disputed Claim in respect of the period from the Effective Date to the date a final Distribution is made thereon if and after that Disputed Claim becomes an Allowed Claim. Except as expressly provided herein or in a Final Order of the Bankruptcy Court, no prepetition Claim shall be allowed to the extent that it is for postpetition interest or similar charges.

**K.  No Distribution in Excess of Allowed Amount of Claim**

Notwithstanding anything to the contrary contained in the Plan, no holder of an Allowed Claim shall receive in respect of that Claim any Distribution in excess of the Allowed amount of such Claim.

**L.  Setoff and Recoupment**

The Liquidating Trustee may setoff against, or recoup from, any Claim and the Distributions to be made pursuant to the Plan in respect thereof, any Claims or defenses of any nature whatsoever that any of the Debtor or the Estate may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtor, the Estate or the Liquidating Trustee of any right of setoff or recoupment that any of them may have against the holder of any Claim. Any such setoffs or recoupments may be challenged in Bankruptcy Court. Notwithstanding any provision in the Plan to the contrary, nothing herein shall bar any creditor from asserting its setoff or recoupment rights to the extent permitted under section 553 or any other provision of the Bankruptcy Code; provided, however, that such setoff or recoupment rights are timely asserted; provided further that all rights of the Debtor, its estate and the Liquidating Trustee with respect thereto are reserved.

**M.  De Minimis Distributions; Charitable Donation**

Notwithstanding anything to the contrary therein, the Liquidating Trustee shall not be required to make a Distribution to any Creditor if the dollar amount of the Distribution is less than $25 or otherwise so small that the cost of making that Distribution exceeds the dollar amount of such Distribution. On or about the time that the final Distribution is made, the Liquidating Trustee may make a charitable donation with undistributed funds if, in the reasonable judgment of the Liquidating Trustee, the cost of calculating and making the final Distribution of the remaining funds is excessive in relation to the benefits to the or holders of Claims who would otherwise be entitled to such Distributions, and such charitable donation is provided to an entity not otherwise related to the Debtor or the Liquidating Trustee.

**N.  United States Trustee Fees**

All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code prior to the Effective Date shall be paid by the Debtor. On and after the Effective Date, the Liquidating Trustee shall pay any and all such fees payable by the Debtor, when due and payable, and shall file with the Bankruptcy Court quarterly reports for each of the Debtor, in a form reasonably acceptable to the U.S. Trustee. Each Debtor shall remain obligated to pay quarterly fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed (whether closed pursuant to Article IV.P of this Plan or otherwise), dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.

## O.    Withholding from Distributions

Any federal, state or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from Distributions pursuant to the Plan. The Liquidating Trustee may withhold from amounts distributable pursuant to the Plan to any Person or Entity any and all amounts, determined in the sole and reasonable discretion of the Liquidating Trustee, required to be withheld by any law, regulation, rule, ruling, directive, or other governmental requirement.

## P.    No Distributions on Late-Filed Claims

Except as otherwise provided in a Final Order of the Bankruptcy Court, any Claim as to which a proof of Claim was required to be filed and was first filed after the applicable bar date in the Chapter 11 Cases, including, without limitation, the General Bar Date and any bar date established in the Plan or in the Confirmation Order, shall automatically be deemed a late-filed Claim that is disallowed in the Chapter 11 Case, without the need for (a) any further action by the Liquidating Trustee or (b) an order of the Bankruptcy Court. Nothing in this paragraph is intended to expand or modify the applicable bar dates or any orders of the Bankruptcy Court relating thereto.

## ARTICLE VI.

## DISPUTED CLAIMS

## A.    Disputed Claims Reserve

After the Effective Date, the Disputed Claims Reserve shall be managed by the Liquidating Trustee for the treatment of Disputed Claims. On each Distribution date after the Effective Date in which the Liquidating Trustee makes Distributions to holders of Allowed Claims, the Liquidating Trustee shall retain on account of Disputed Claims an amount the Liquidating Trustee estimates is necessary to fund the Pro Rata Share of such Distributions to holders of Disputed Claims if such Claims were Allowed, with any Disputed Claims that are unliquidated or contingent being reserved in an amount reasonably determined by the Liquidating Trustee. Cash retained on account of such Disputed Claims shall be retained in the Disputed Claims Reserve for the benefit of the holders of Disputed Claims pending a determination of its entitlement thereto under the terms of the Plan. If any Disputed Claims are disallowed or Allowed in an amount that is lower than the aggregate assets retained on account of such Disputed Claim, then the Liquidating Trustee shall within fifteen (15) days after such

23

disallowance or allowance return the assets that exceed the Allowed amount of such Claim to the Debtor's Estate.

## B.    Resolution of Disputed Claims

The Liquidating Trustee shall have the right to make and file objections to Claims in the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, all Disputed Claims shall be subject to the exclusive jurisdiction of the Bankruptcy Court.

## C.    Objection Deadline

All objections to Disputed Claims shall be filed no later than the Claims Objection Bar Date, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, with notice only to those parties entitled to notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002.

## D.    Estimation of Claims

At any time, the Liquidating Trustee may request that the Bankruptcy Court estimate any contingent or unliquidated Claim to the extent permitted by section 502(c) of the Bankruptcy Code regardless of whether the Liquidating Trustee or the Debtor has previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall have jurisdiction to estimate any Claim at any time during litigation concerning any objection to such Claim, including during the pendency of any appeal relating to any such objection. If the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on the Claim, as determined by the Bankruptcy Court. If the estimated amount a maximum limitation on the Claim, the Liquidating Trustee may elect to pursue supplemental proceedings to object to the ultimate allowance of the Claim. All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

## E.    No Distributions Pending Allowance

Notwithstanding any other provision in the Plan, if any portion of a Claim is disputed, no payment or Distribution provided under the Plan shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

To the extent that a Disputed Claim ultimately becomes an Allowed Claim, Distributions (if any) shall be made to the holder of such Allowed Claim in accordance with the provisions of the Plan. Upon allowance, a holder of the Allowed Disputed Claim shall receive any Distributions that would have been made up to the date of allowance to such holder under the Plan had the Disputed Claim been allowed on the Effective Date.

## F.    Resolution of Claims

On and after the Effective Date, the Liquidating Trustee shall have the authority to compromise, settle, otherwise resolve or withdraw any objections to Claims, and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Bankruptcy Court.

# ARTICLE VII.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.    Assumption or Rejection of Executory Contracts and Unexpired Leases

Pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, upon the Effective Date, all executory contracts and unexpired leases that exist between the Debtor and any Person or Entity shall be deemed rejected by the Debtor, except for any executory contract or unexpired leases (i) that has been assumed or rejected pursuant to an order of the Bankruptcy Court entered prior to the Effective Date, (ii) as to which a motion for approval of the assumption of such executory contract or unexpired lease has been filed and served prior to the Effective Date or (iii) that is specifically designated as a contract to be assumed on Schedule 7.1, which Schedule shall be contained in the Plan Supplement; provided, however, that the Debtor reserves the right, on or prior to the Confirmation Date, to amend Schedule 7.1 to delete any executory contract therefrom, or add any executory contract, in which event such executory contract(s) shall be deemed to be, respectively, either rejected or assumed as of the Effective Date. Subject to the occurrence of the Effective Date, entry of the Confirmation Order shall constitute approval of such assumption or rejection pursuant to section 365(a) of the Bankruptcy Code and a finding by the Bankruptcy Court that each such assumption or rejection is in the best interests of the Debtor, its Estate, and all parties in interest in the Chapter 11 Case.

### B.    Cure of Defaults

Except to the extent that different treatment has been agreed to by the non-Debtor party or parties to any executory contract to be assumed pursuant to Article VII.A of the Plan, the Debtor shall, pursuant to the provisions of sections 1123(a)(5)(G) and 1123(b)(2) of the Bankruptcy Code and consistent with the requirements of section 365 of the Bankruptcy Code, within at least fourteen (14) days prior to the Confirmation Hearing, file with the Bankruptcy Court and serve by first class mail on each non-debtor party to such executory contracts to be assumed pursuant to Article VII.A of the Plan, an Assumption Notice, which shall list the cure amount as to each executory contract to be assumed. The parties to such executory contracts to be assumed or assumed and assigned by the Debtor shall have ten (10) days from the date of service of the Assumption Notice to file and serve any objection to assumption or the cure amounts listed by the Debtor. If there are any objections filed, the Bankruptcy Court shall hear the objections at the Confirmation Hearing or on such other date as may be set by the Bankruptcy Court. Notwithstanding Article VII.A of the Plan, the Debtor shall retain its right to reject any of its executory contracts that are subject to a dispute concerning amounts necessary to cure any defaults through the Confirmation Date.

**C.      Claims Based on Rejection of Executory Contracts and Unexpired Leases**

Claims created by the rejection of executory contracts and unexpired leases pursuant to Article VII.A herein, must be filed with the Bankruptcy Court and served on the Debtor, the Liquidating Trustee no later than thirty (30) days after service of notice of the Effective Date. Any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Article VII.A herein for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Debtor, the Estate, the Liquidating Trustee, its successors and assigns, and its assets and properties, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein. All such Claims shall, as of the Effective Date, be subject to the permanent injunction set forth in Article IX.F herein. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be treated as General Unsecured Claims under the Plan and shall be subject to the provisions of Article III herein.

**D.      Indemnification and Reimbursement**

Subject to the occurrence of the Effective Date, all Allowed Claims against the Debtor for indemnification, defense, reimbursement, or limitation of liability of current or former directors, officers, or employees of the Debtor against any Claims, costs, liabilities or causes of action as provided in the Debtor's articles of organization, certificates of incorporation, bylaws, other organizational documents, or applicable law, shall, to the extent such indemnification, defense, reimbursement, or limitation is owed in connection with one or more events or omissions occurring before the Petition Date, be (i) paid only to the extent of any applicable insurance coverage, and (ii) to the extent a proof of Claim has been timely filed and is Allowed, treated as Allowed General Unsecured Claims to the extent such Claims are not covered by any applicable insurance, including deductibles. Nothing contained herein shall affect the rights of directors, officers or employees under any insurance policy or coverage with respect to such Claims, costs, liabilities or Causes of Action or limit the rights of the Debtor, the Liquidating Trustee or the Debtor's Estate to object to, seek to subordinate or otherwise contest or challenge Claims or rights asserted by any current or former officer, director or employee of the Debtor.

## ARTICLE VIII.

## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE

**A.      Conditions Precedent**

The following are conditions precedent to the Effective Date that must be satisfied or waived:

**1.**      The Bankruptcy Court shall have entered the Confirmation Order.

**2.**      There shall be no stay or injunction in effect with respect to the Confirmation Order, which such Confirmation Order shall contain approval of the releases provided for herein.

**3.** The appointment of the Liquidating Trustee shall have been confirmed by order of the Bankruptcy Court.

**4.** All agreements and instruments that are exhibits to the Plan shall be in a form reasonably acceptable to the Debtor and the Creditors' Committee, and have been duly executed and delivered; provided, however, that no party to any such agreements and instruments may unreasonably withhold its execution and delivery of such documents to prevent this condition precedent from occurring.

## B.    Waiver

Notwithstanding the foregoing conditions in Article VIII.A, the Debtor reserves, in its sole discretion, the right to waive the occurrence of any condition precedent or to modify any of the foregoing conditions precedent. Any such written waiver of a condition precedent set forth in this Article may be effected at any time, without notice, without leave or order of the Bankruptcy Court, and without any formal action other than proceeding to consummate the Plan; provided, however, the Creditors' Committee shall have the right to be consulted on and consent to any proposed modification of the Plan, the Plan Supplement or the Confirmation Order. Any actions required to be taken on the Effective Date or Confirmation Date (as applicable) shall take place and shall be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action.

## ARTICLE IX.

## INDEMNIFICATION, RELEASE, INJUNCTIVE AND RELATED PROVISIONS

### A.    Compromise and Settlement

Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims and Equity Interests.

The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all Claims and Equity Interests, as well as a finding by the Bankruptcy Court that such compromise or settlement is fair, equitable, reasonable and in the best interests of the Debtor, the Estate and holders of Claims and Equity Interests.

### B.    Releases

**1.    Releases by the Debtor and its Estate. Notwithstanding anything contained in the Plan to the contrary, as of the Effective Date, for the good and valuable consideration provided by each of the Released Parties, the Debtor and its current and former affiliates and Representatives and the Estate shall be deemed to have provided a full, complete, unconditional and irrevocable release to the Released Parties (and each such Released Party so released shall be deemed released by the Debtor and its current and former affiliates and Representatives, the Estate and the Creditors' Committee and its members but solely in its**

capacity as members of the Creditors' Committee and not in its individual capacities), from any and all Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing before the Effective Date, as of the Effective Date or arising thereafter, in law, at equity, whether for tort, contract, violations of statutes (including but not limited to the federal or state securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtor, including, without limitation, those that any of the Debtor would have been legally entitled to assert or that any holder of a Claim or Equity Interest or other Entity would have been legally entitled to assert for or on behalf of any of the Debtor or the Estate, including those in any way related to the Chapter 11 Case or the Plan; provided, however, that the foregoing release shall not prohibit the Debtor, the Estate or the Liquidating Trustee from asserting any and all defenses and counterclaims in respect of any Disputed Claim asserted by any Released Parties.

2.    **Releases by Holders of Claims.** Except as otherwise provided in Article XI.B of the Plan, each Person, other than any of the Debtor, who votes to accept the Plan and does not mark such ballot to indicate its refusal to grant the release provided for in this paragraph, shall be deemed to fully, completely, unconditionally, irrevocably, and forever release the Released Parties of and from any and all Claims and Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing before the Effective Date, as of the Effective Date or arising thereafter, in law, at equity, whether for tort, contract, violations of statutes (including but not limited to the federal or state securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtor and its current and former affiliates and Representatives, whether direct, derivative, accrued or unaccrued, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, in law, equity or otherwise.

3.    **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in this Article IX.B pursuant to Bankruptcy Rule 9019 and its finding that they are: (a) in exchange for good and valuable consideration, representing a good faith settlement and compromise of the Claims and Causes of Action released by this Plan; (b) in the best interests of the Debtor and all holders of Claims and Equity Interests; (c) fair, equitable and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to the assertion of any Claim or Cause of Action thereby released.**

C.    **Exculpation**

**Notwithstanding anything contained in the Plan to the contrary, the Released Parties shall neither have nor incur any liability relating to these Chapter 11 Cases to any Entity for any and all Claims and Causes of Action arising after the Petition Date and through the Effective Date, including any act taken or omitted to be taken in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or consummating the Plan or distributing property thereunder, the Disclosure Statement, or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with the Chapter 11 Cases; provided, however, that the foregoing provisions of this Article IX.C shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct.**

**D.      Preservation of Causes of Action**

**1.      Vesting of Causes of Action**

**(a)**      Except as otherwise provided in the Plan or Confirmation Order, in accordance with section 1123(b)(3) of the Bankruptcy Code, any Causes of Action that the Debtor and the Estate may hold against any Entity shall remain with the Debtor and the Estate on and after the Effective Date.

**(b)**      Except as otherwise provided in the Plan or Confirmation Order, after the Effective Date, the Liquidating Trustee shall have the exclusive right to institute, prosecute, abandon, settle or compromise any Causes of Action that were held by the Debtor and the Estate, in its sole discretion and without further order of the Bankruptcy Court, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in one or more of the Chapter 11 Cases.

**2.      Preservation of All Causes of Action Not Expressly Settled or Released**

**(a)**      Unless a Cause of Action against a holder or other Entity is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order (including the Confirmation Order) of the Bankruptcy Court, the Debtor and its Estate expressly reserve such Cause of Action for later adjudication or administration by the Liquidating Trustee (including, without limitation, Causes of Action not specifically identified or described in the Plan or elsewhere or of which the Debtor may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances which may change or be different from those the Debtor now believe to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Causes of Action upon or after the entry of the Confirmation Order or Effective Date based on the Disclosure Statement, Plan or Confirmation Order, except where such Causes of Action have been released in the Plan or any other Final Order (including the Confirmation Order). In addition, the Debtor and its Estate expressly reserve the right of the Liquidating Trustee to pursue or adopt

any claims alleged in any lawsuit in which the Debtor is a defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits.

**(b)** Subject to the immediately preceding paragraph, any Entity to whom the Debtor has incurred an obligation (whether on account of services, purchase or sale of goods or otherwise), or who has received services from the Debtor or a transfer of money or property of the Debtor, or who has transacted business with the Debtor, or leased equipment or property from the Debtor should assume that any such obligation, transfer, or transaction may be reviewed by the Liquidating Trustee subsequent to the Effective Date and may be the subject of an action after the Effective Date, regardless of whether: (i) such Entity has filed a proof of Claim against the Debtor in the Chapter 11 Cases; (ii) the Debtor has objected to any such Entity's Proof of Claim; (iii) any such Entity's Claim was included in the Schedules; (iv) the Debtor has objected to any such Entity's scheduled Claim; or (v) any such Entity's scheduled Claim has been identified by the Debtor as disputed, contingent or unliquidated.

**E.    Injunction**

**1.** From and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtor, the Estate, the Liquidating Trustee, the Creditors' Committee, and its successors and assigns, and its assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim or Equity Interest, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or satisfied or to be released or satisfied pursuant to the Plan or the Confirmation Order.

**2.** Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, from and after the Effective Date, all Entities shall be precluded from asserting against the Debtor, the Estate, the Liquidating Trustee, the Creditors' Committee, and its successors and assigns and its assets and properties, any other Claims or Equity Interests based upon any documents, instruments, or any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, solely to the extent that (a) such Claims or Equity Interests have been released or satisfied pursuant to this Plan or the Confirmation Order or (b) such Claims, Equity Interests, actions or assertions of Liens relate to property that will be distributed pursuant to this Plan or the Confirmation Order.

**3.** The rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and in complete satisfaction of Claims and Equity Interests against the Debtor or any of its assets or properties solely to the extent that (a) such Claims or Equity Interests have been released or satisfied pursuant to this Plan or the Confirmation Order or (b) such Claims, Equity Interests, actions or assertions of Liens relate to property that will be distributed pursuant to this Plan or the Confirmation Order. On the Effective Date, all such Claims against, and Equity Interests in, the Debtor shall be satisfied and released in full.

**4.** Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Equity Interest satisfied and released pursuant to the Plan or Confirmation Order, from:

**(a)**    commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trustee, the Creditors' Committee, and its successors and assigns and its assets and properties;

**(b)**    enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtor, the Estate, the Liquidating Trustee, the Creditors' Committee, and its successors and assigns and its assets and properties;

**(c)**    creating, perfecting or enforcing any encumbrance of any kind against the Debtor, the Estate, the Liquidating Trustee, the Creditors' Committee, and its successors and assigns and its assets and properties; and

**(d)**    commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Equity Interest or Cause of Action released or settled hereunder.

**F.**    **Releases of Liens**

Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document created pursuant to the Plan, on the Effective Date, all mortgages, deeds of trust, Liens, pledges or other security interests against property of the Estate distributed under the Plan shall be fully released and discharged and all of the right, title and interest of any holder of such mortgages, deeds of trust, Liens, pledges or other security interest shall revert to the Debtor.

**ARTICLE X.**

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities, including, without limitation, the Liquidating Trustee, with respect to all matters related to the Chapter 11 Cases, the Debtor and the Plan as is legally permissible, including, without limitation, jurisdiction to:

**1.**    allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interest against the Debtor, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims;

**2.**    grant, deny or otherwise resolve any and all applications of Professionals or Persons retained in the Chapter 11 Cases by the Debtor or the Creditors' Committee for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

3.      resolve any matters related to the assumption, assignment or rejection of any executory contract or unexpired leases to which the Debtor is party or with respect to which a Debtor may be liable and to hear, determine and, if necessary, liquidate, any Claims arising therefrom;

4.      ensure that Distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plan, including by resolving any disputes regarding the Debtor's entitlement to recover assets held by third parties;

5.      decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending on the Effective Date or instituted by the Liquidating Trustee after the Effective Date;

6.      enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all other contracts, instruments, releases, indentures and other agreements or documents adopted in connection with the Plan or the Disclosure Statement;

7.      resolve any cases, controversies, suits or disputes that may arise in connection with the Effective Date, interpretation or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan;

8.      issue injunctions, enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with the Effective Date or enforcement of the Plan, except as otherwise provided in the Plan;

9.      enforce Article IX.A, Article IX.B, Article IX.C, Article IX.D and Article IX.E hereof;

10.     resolve any cases, controversies, suits or disputes with respect to the releases, injunction and other provisions contained in Article IX herein, and enter such orders as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

11.     enter and implement such orders as necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

12.     resolve any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document adopted in connection with the Plan or the Disclosure Statement;

13.     enter an order and a Final Decree closing the Chapter 11 Case.

**ARTICLE XI.**

## MISCELLANEOUS PROVISIONS

### A.    Modification of Plan

Subject to the limitations contained in the Plan and provided that the Creditors' Committee shall have the right to be consulted on any proposed modification of the Confirmation Order and the Plan, the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules to amend or modify the Plan prior to the entry of the Confirmation Order, including amendments or modifications to satisfy section 1129(b) of the Bankruptcy Code; provided, however, that any pre-Confirmation Date amendments shall not materially or adversely affect the interests, rights or treatment of any Allowed Claims or Equity Interests under the Plan; and (2) after the entry of the Confirmation Order, the Debtor or the Liquidating Trustee may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

### B.    Revocation of Plan

The Debtor, in consultation with the Creditors' Committee, reserves the right to revoke or withdraw the Plan prior to the entry of the Confirmation Order, and to file subsequent chapter 11 plans. If the Debtor revokes or withdraws the Plan or if entry of the Confirmation Order or the Effective Date does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of executory contracts effected by the Plan, and any document or agreement executed pursuant hereto shall be deemed null and void; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other Entity; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission of any sort by the Debtor or any other Entity.

### C.    Binding Effect

On the Effective Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and such holder's respective successors and assigns, whether or not the Claim or Equity Interest of such holder is Impaired under the Plan, whether or not such holder has accepted the Plan and whether or not such holder is entitled to a Distribution under the Plan.

### D.    Successors and Assigns

The rights, benefits and obligations of any Entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

### E.    Governing Law

Except to the extent that the Bankruptcy Code or Bankruptcy Rules apply, unless otherwise stated, and subject to the provisions of any contract, instrument, release, indenture or other agreement or document entered into in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of Illinois without giving effect to the principles of conflict of laws thereof.

**F.    Reservation of Rights**

Except as expressly set forth herein, the Plan shall have no force or effect unless and until the Effective Date occurs. Neither the filing of the Plan, any statement or provision contained herein, nor the taking of any action by the Debtor or any Entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor with respect to the holders of Claims or Equity Interests or other parties-in-interest; or (2) any holder of a Claim or other party-in-interest prior to the Effective Date.

**G.    Article 1146 Exemption**

Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

**H.    Section 1125(e) Good Faith Compliance**

Confirmation of the Plan shall act as a finding by the Court that the Debtor and each of its Representatives have acted in "good faith" under section 1125(e) of the Bankruptcy Code.

**I.    Further Assurances**

The Debtor, the Liquidating Trustee, all holders of Claims receiving Distributions hereunder and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the Confirmation Order.

**J.    Service of Documents**

Any pleading, notice or other document required by the Plan to be served on or delivered to the Debtor shall be sent by first class U.S. mail, postage prepaid as follows:

**To the Debtor:**

Nature's Second Chance Hauling, LLC
2402 State Street
Alton, IL 62002
Attn.: Vern VanHoy

*with a copy to:*

HeplerBroom, LLC
Attn: Steven Wallace, Esq.
130 N. Main Street
P.O. Box 510
Edwardsville, IL 62025
Phone: (618) 307-1185
Fax: (618) 656-1364
Email: smw@heplerbroom.com


**To the Liquidating Trust Advisory Committee:**

Official Committee of Unsecured Creditors
Attn: Brian Jackiw, Esq.
Goldstein and McClintock LLLP
111 W. Washington St., Suite 1221
Chicago, IL 60602
Phone: (312) 219-6702
Fax: (312) 216-0734
Email: tomf@goldmclaw.com
        brianj@goldmclaw.com
        amritk@goldmclaw.com
        mattm@goldmclaw.com


**To the Liquidating Trustee:**

Brian Jackiw, Esq.
Goldstein and McClintock LLLP
111 W. Washington St., Suite 1221
Chicago, IL 60602
Phone: (312) 219-6702
Fax: (312) 216-0734
Email: tomf@goldmclaw.com
        brianj@goldmclaw.com
        amritk@goldmclaw.com
        mattm@goldmclaw.com

**K.      Filing of Additional Documents**

On or before the Effective Date, the Debtor may file with the Bankruptcy Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

**L.      No Stay of Confirmation Order**

The Debtor shall request that the Court waive stay of enforcement of the Confirmation Order otherwise applicable, including pursuant to Federal Rules of Bankruptcy Procedure 3020(e), 6004(h) and 7062.

Dated: January 4, 2019

NATURE'S SECOND CHANCE HAULING, LLC

    /s/ Vern Van Hoy

By:_____

    Vern Van Hoy, Manager

Steven M. Wallace (#06198917)
HEPLERBROOM, LLC
130 North Main Street
Edwardsville, Illinois 62025
(618) 307-1185
steven.wallace@heplerbroom.com

Counsel to the Debtor